UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAE KYUNG YI,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY S. AITKEN, et al.,<br><br>    Defendants. | Case No. 18-cv-06009-JSC<br><br>**ORDER RE: PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 1 |

Petitioner Jae Kyung Yi ("Mr. Yi") is a citizen of South Korea who has resided in the United States as a lawful permanent resident since 1979.[1] Mr. Yi's application for United States citizenship was denied on October 23, 2001. (Dkt. No. 6-1 at ¶ 3.)[2] In February 2014, Mr. Yi was convicted in California state court of assault with a deadly weapon and sentenced to prison. (*Id.*) Mr. Yi was released from prison and transferred to the custody of U.S. Immigration and Customs Enforcement ("ICE") on February 14, 2018. (*Id.*) ICE initiated removal proceedings against Mr. Yi that day, "for being removable under the Immigration and Nationality Act § 237(a)(2)(A)(iii), having been convicted of an aggravated felony." (*Id.*) On March 20, 2018, an Immigration Judge ordered that Mr. Yi be removed to South Korea. (Dkt. No. 6-2, Ex. C at 10.) Mr. Yi waived his appeal "and the order became final." (Dkt. Nos. 6-1 at ¶ 4; 1 at ¶ 16.) Now pending before the Court is Mr. Yi's petition for writ of habeas corpus.[3] (Dkt. No. 1.)[4] Having carefully reviewed

---

[1] The petition lists Petitioner's name as "Yi Jae Kyung," however, Department of Homeland Security records and Petitioner's own signature indicate that his name is Jae Kyung Yi. (*See* Dkt. Nos. 1 at 5; 4; 6-2 at 2-10.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[3] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 4 & 5.)
[4] The petition names former federal officials; pursuant to Federal Rule of Civil Procedure 25(d), the following current federal officials are automatically substituted as parties: David Jennings, San Francisco Field Office Director for ICE; Ronald D. Vitiello, ICE Deputy Director and Senior

the parties' briefing, the Court DISMISSES Mr.Yi's petition as moot because he has been removed from the United States and is no longer in ICE custody.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and federal jurisdiction requires a live case or controversy at every stage of litigation. U.S. Const. art. III, § 2, cl. 1; *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997). "A federal court does not have jurisdiction 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Id.* (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Thus, if at any point during the litigation an event occurs such that there is no longer a live case or controversy upon which relief can be granted, the claim is moot and must be dismissed. *Am. Rivers*, 126 F.3d 1118, 1123 (9th Cir. 1997).

## DISCUSSION

On November 8, 2018, Respondents filed notice indicating that Mr. Yi "has been removed from the United States and is no longer in the custody of [ICE]." (Dkt. No. 7 at 1.) Attached to their notice Respondents submitted a "Warrant of Removal/Deportation" indicating that Mr. Yi was removed to South Korea on November 2, 2018. (Dkt. No. 8-1, Ex. 1 at 2-3.) Respondents contend that Mr. Yi's claim "is now moot" based on his removal. (Dkt. No. 7 at 1.) The Court agrees.

"[A] petitioner's deportation does not automatically render his claim moot." *Abdala v. Immigration and Naturalization Serv.,* 488 F.3d 1061, 1064 (9th Cir. 2007). However, "[f]or a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Id.* Here, Mr. Yi's petition challenges only the length of his confinement as unconstitutionally "indefinite" under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because (at the time of filing) he had been detained for longer than six months following his final order of

---

Official Performing the Duties of Director; Kirstjen Nielsen, Secretary of Homeland Security; and Matthew G. Whitaker, acting Attorney General of the United States. (*See* Dkt. No. 6 at 1 n.1.)

2

removal. (*See* Dkt. No. 1 at 4-5) ("Petitioner's continued detention is unlawful and violates 8 U.S.C. § 1231(a)(6) as interpreted by the Supreme Court in *Zadvydas*.") Because Mr. Yi has been released from ICE custody, which is the only relief sought by his petition, his claim is moot because there is no "collateral consequence arising from [his] deportation that may be redressed by success on [his] petition." *See Abdala*, 488 F.3d at 1064-65 (finding petition moot where petitioner had been removed and petition challenged only the length of previous confinement).

## CONCLUSION

For the reasons set forth above, the Court dismisses Mr. Yi's petition for writ of habeas corpus as moot. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: November 14, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YI JAE KYUNG,<br><br>    Plaintiff,<br><br>v.<br><br>TIMOTHY S. AITKEN, et al.,<br><br>    Defendants. | Case No. 18-cv-06009-JSC<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on November 14, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Yi Jae Kyung ID: 36771275
425 Golden State Avenue
Bakerfield, CA 93301

Dated: November 14, 2018

                                  Susan Y. Soong
                                  Clerk, United States District Court

                                  By:_____
                                  Ada Means, Deputy Clerk to the
                                  Honorable JACQUELINE SCOTT CORLEY